H. H. McCAIN BY ET AL *v.* E. J. CRABTREE ET AL.

Deeds—Consideration—Assignment of Contingent Dower by Wife in Exchange for Lands.

> An assignment by a step-mother to her step-son, of her contingent right of dower and distribution in his father's estate, in exchange for lands he owned, held to be without consideration, especially where her husband had not signed same.

Same—Minor's Contract.

> The son being a minor, he would have a right to rescind the exchange at a later date.

Wills—Trust—Election as to Which, Devisees Will Hold Under.

> After devisees have accepted the benefits and provisions of a will, they cannot then repudiate same in part, and claim under a trust for the remainder.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 7, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant being a minor, by his father as his next friend, brought a suit in equity to set aside a certain written contract made between his step-mother and himself, in her life time, and a deed of conveyance for sixty-five acres of land made by him to her.

She having died, four children by a former husband to his father were her heirs at law, who were made defendants as well as a vendee under one of them.

To this petition they responded that their deceased father and ancestor, Joshua Crabtree, was the equitable owner, by the title bond of one Griffith, of 96 acres including the 65 acres in controversy; that their father owed on this land some seventy odd dollars and on his death bed his father Moses Crabtree, agreed to pay off the outstanding vendors lien and secure the land to his wife and children instead of 56 acres which the old man had provided by will should go to Joshua of his own land; that Moses

Crabtree took the deed for this 96 acres to himself and afterwards by will left only 25 acres of it to Joshua's widow for life and remainder to Joshua's children; that the widow and children, however, had continued in adverse possession of the entire tract claiming it as their own; made their answer a cross petition and asked the chancellor to compel a conveyance from appellant, who held title from the devisee of Moses Crabtree. To which a response was filed setting up, among other things, that Joshua's widow and children had accepted the provisions of Moses Crabtree's will and that the widow had intermarried with his father and there was no adverse possession, etc.

By the written contract between H. H. McCain and his step-mother, conducted, of course, by his father, but which the latter did not sign, the step-mother transferred her contingent right of dower and distribution in his father's estate in consideration of his deed of conveyance to her in fee of the sixty-five acres of land in contest. The step-mother having died before the father he would get nothing even had her covenant been so signed and acknowledged as to be binding on her, which it was not, for her husband was no party to it, nor did he sign it, nor was it legally acknowledged even had he been. It was not, therefore, binding on her and could not constitute, or be a valuable consideration for appellants deed to her.

But he was then and still was a minor when this suit to avoid the whole transaction was brought, hence, neither her covenant nor his deed presents any obstacle to his recovery.

As to the other branch of the defense that Moses Crabtree held this land in trust for his son, Joshua's, wife and children, even could the court determine that this was Moses relation to the defendants on the rather meager and conflicting evidence in this case, which is quite doubtful, still, when met with the well established fact that the defendants claimed, held and sold and conveyed their interest in the 25 acres under the will of their grandfather after they arrived at full age any relation of trust is fully met and rebutted or waived, for they can not take the benefit of the will as to part of this tract of 96 acres and repudiate it as to the remainder, but having elected to hold under the will as to it they must abide the consequences thereof as to the remainder. Neither the time nor character of the holding authorize a bar by the statute of limitations.

The judgment dismissing plaintiffs petition and ordering a conveyance from H. H. McCain to the defendants was erroneous and is reversed with directions to adjudicate a cancelment of his deed to his step-mother and for a recovery of the land in his behalf.

*Ray & Hardin,* for appellant.

*Sweeney & Stuart,* for appellees.